UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY VINSON,<br><br>                          Plaintiff,<br><br>v.<br><br>ANN ARBOR HOUSING<br>COMMISSION, *et al*.,<br><br>                          Defendants. | Case No. 26-10358<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT AN INTREPRETER AND COUNSEL, AND
REQUIRING VINSON TO SHOW CAUSE WHY HE SHOULD NOT
BE SANCTIONED FOR VIOLATING HIS DUTY OF CANDOR
(ECF NO. 11)**

Plaintiff Tracey Vinson, acting pro se and proceeding in forma pauperis, sues defendants under 42 U.S.C. § 1983, the Fair Housing Act, and state law.  ECF No. 1.  The Honorable F. Kay Behm referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 9.  Vinson moves for appointment of an interpreter and counsel.  ECF No. 11, PageID.36.  The Court **DENIES** both requests but denies the motion for counsel without prejudice.  The Court also

1

**ORDERS** Vinson to show cause why he should not be sanctioned for violating his duty of candor to the Court and Federal Rule of Civil Procedure 11(b).

### A.

Vinson claims that he is a Cherokee National and speaks the Tsalagi language. *Id.* He asks the Court to appoint a translator, alleging that he does "not speak English." *Id*. But there "is no federal rule or statute requiring a court to appoint an interpreter" for a "litigant in a civil case not brought by the United States."[1] *Arizon v. Ford Cnty. Jail*, 24-cv-3146, 2025 WL 458020, at *3 (D. Kan. Feb. 11, 2025) (collecting cases). No statute authorizes the expenditure of public funds to appoint interpreters for indigent litigants in civil cases. *See Sun v. Doe*, 25-CV-0025-FL-RN, 2025 WL 1912446, at *1 (E.D. N.C. July 11, 2025) (collecting cases). So "[i]nterpreter services needed to assist parties to civil proceedings not instituted by the United States, both in-court and out-of-court, are the responsibility of the parties to the action," except as provided for specific

---

[1]The Court Interpreters Act requires the appointment of interpreters when needed in judicial proceedings that are "*instituted by the United States*" and in other circumstances that do not apply here. 28 U.S.C. § 1827(d)(1) (emphasis added).

2

circumstances that do not exist here.  Guide to Judiciary Policy, Volume 5, § 260.

And the Court is troubled by Vinson's claim that he cannot speak English.  Vinson has shown the proficiency in English to draft his complaint, IFP application, and his motion for an interpreter.  ECF No. 1; ECF No. 2; ECF No. 11.  In another pending case, *Vinson v. Nelson*, he drafted all his pro se filings in that case in English.  Case No. 24-cv-13266, ECF No. 1; ECF No. 5; ECF No. 7; ECF No. 11; ECF No. 14; ECF No. 21; ECF No. 29.  A video uploaded by defendants in that case reveals Vinson speaking fluent English.  *Id.*, ECF No. 38; ECF No. 39; ECF No. 41.  And when contacting this Court by telephone, Vinson spoke fluent English.

Vinson also drafted his pleadings and other filings in English in the many other cases he has filed pro se in this district.  *See* Case No. 25-cv-14006; Case No. 25-cv-14010, Case No. 24-cv-12002; Case No. 24-cv-12003; Case No. 26-cv-10417; Case No. 26-cv-10588; Case No. 26-cv-10589; Case No. 26-cv-10590; Case No. 26-cv-10587.

The evidence that Vinson can communicate in English suggests that he has violated Federal Rule of Civil Procedure 11(b).  Rule 11(b) "impose[s] a continuing duty of candor on representations made to the court by attorneys and unrepresented parties and authorize[s] sanctions for

any violation of that duty." *Metron Nutraceuticals, LLC v. Cook*, 550 F. Supp. 3d 484, 487 (N.D. Ohio 2021).  And "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Rule 11(c)(3). Sanctions against a pro se party for violating Rule 11 may include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court."  *Hardy v. Whitaker*, ___ F.R.D.___, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2, 2026).

Thus, the Court **DENIES** Vinson's dishonest request for appointment of an interpreter at the Court's expense and **ORDERS** him to show cause, in writing, **by April 24, 2026**, why he should not be sanctioned under Federal Rule of Civil Procedure 11 for violating his duty of candor.

## B.

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right.  *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993).  Courts generally do not

4

appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, courts seldom appoint counsel in a civil case without a showing of "exceptional circumstances." *Lavado,* 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), objections overruled, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017). In line with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided.

Having reviewed Vinson's complaint and case filings to this point, the Court finds that he has not shown that exceptional circumstances warrant

5

the appointment of counsel at this juncture.  Vinson's motion alleges

that he "cannot afford to pay for" an attorney because he is not employed

and cannot work.  ECF No. 11, PageID.36.  These typical arguments do

not show that exceptional circumstances warrant the appointment of

counsel.  And it is too early to assess the likelihood of success of Vinson's

claims because his complaint has yet to be tested by a dispositive motion

under Federal Rules of Civil Procedure 12(b)(6) or 56.

Thus, Vinson's motion to appoint counsel, ECF No. 11, is **DENIED**

**WITHOUT PREJUDICE.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 14, 2026


### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

6

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager