UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY VINSON,

     Plaintiff,

v.

ANN ARBOR HOUSING
COMMISSION, *et al.*,

     Defendants.

_____/

Case No. 26-10358

F. Kay Behm
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S MAY 5, 2026,
REPORT AND RECOMMENDATION (ECF No. 15)**

Currently before the court is Magistrate Judge Stafford's May 5, 2026 Report and Recommendation.  (ECF No. 15).  Judge Stafford recommends that the court involuntarily dismiss Plaintiff's complaint with prejudice under the court's inherent authority to sanction bad faith conduct and under Federal Rule of Civil Procedure 41(b).  The court is fully advised in the premises and has reviewed the record.  Neither party has filed timely objections.

"[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter."  *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985)).  The court nevertheless agrees with the Magistrate Judge's recommended disposition.  First prompting Judge Stafford's concerns in this case was Plaintiff Vinson's false claim that he cannot speak English and required a court-funded interpreter.  *See* ECF No. 12, PageID.40 (noting that he has filed cases in fluent English and has appeared on video speaking fluent English).  Judge Stafford therefore issued a show cause order why he should not be sanctioned for violating his duty of candor to the court and Federal Rule of Civil Procedure 11(b).  ECF No. 12.  The content of that order, and subsequent misconduct Judge Stafford laid out in her report and recommendation, merits dismissal as a sanction.  In addition to (a) Vinson's clear falsehood that he cannot speak English and "absurd" request for an interpreter, Vinson (b) refused to participate in the creation of a joint discovery plan (ECF No. 15, PageID.64), (c) instead sent frivolous and uncooperative communications to defense counsel and threatened to file a frivolous report to the Attorney Grievance Commission (*id.* at PageID.64-65, 71), (d) claimed that he was outside the United States and that "our government doesn't have the same laws or court rules" (ECF No. 13-1, PageID.58), and (e) failed to answer the

2

Magistrate Judge's show cause order.[1]  Vinson was warned of the consequences of failing to respond and for his other actions, including the possibility of dismissal.  ECF No. 12, PageID.41.  Vinson's conduct in refusing to participate in a basic discovery conference has prejudiced Defendants.  ECF No. 15, PageID.72.  His bad-faith conduct "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings."  *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (cleaned up).  "Presented with a record of sufficiently egregious conduct," a court does not abuse its "discretion by ordering dismissal as the first and only sanction." *Harmon v. CSX Transp.*, 110 F.3d 364, 369 (6th Cir. 1997).  Although this case is in its early stages, Vinson's conduct is sufficiently disruptive and contumacious that dismissal is only sanction that will protect "the integrity of the court and its proceedings."  *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002).

In addition, even had Vinson filed objections, his failure to respond to the Magistrate's show cause order forfeited his opportunity

---

[1] Judge Stafford also pointed out that Vinson has filed a number of complaints in this district, all within a short period of time, and that he does not appear to have made serious efforts to prosecute those cases.  ECF No. 15, PageID.62.

3

to invoke this court's review of the Magistrate Judge's recommendation. *AES-APEX Emplr. Servs. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("a district court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited."); *see Little v. Williams*, No. 22-12222, 2025 U.S. Dist. LEXIS 172533, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)).

The court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15), and **DISMISSES** this case with prejudice pursuant to its inherent authority and Rule 41(b).

This is a final order and closes the case.  A judgment will issue.

**SO ORDERED**.

Date: June 1, 2026                          s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge

4